COMMONWEALTH of Pennsylvania,
Appellee

v.

Michael LANE, Appellant.

Superior Court of Pennsylvania.

Argued May 8, 2007.
Filed Jan. 4, 2008.

Joseph Stauffer, Asst. Dist. Atty., for Com., appellee.

BEFORE: JOYCE *, STEVENS, LALLY–GREEN, TODD, KLEIN, BENDER, GANTMAN, McCAFFERY and PANELLA, JJ.

OPINION BY McCAFFERY, J.:

¶ 1 Appellant, Michael Lane, appeals from the judgment of sentence imposed

* Judge Joyce did not participate in the consid-   eration or decision of this case.

after a jury convicted him of three counts of robbery, two counts of aggravated assault, and one count of possessing an instrument of crime.[1] Specifically, Appellant argues that a jury, rather than the judge, should have determined whether to sentence Appellant to life imprisonment without the possibility of parole, pursuant to 42 Pa.C.S.A. § 9714. We conclude that because the protections of the Sixth and Fourteenth Amendments of the United States Constitution do not extend to the fact of prior convictions and because it is solely the existence of two prior convictions that caused Appellant to be eligible to possibly be sentenced within a range of increased penalties, the trial court properly imposed the judgment of sentence. Accordingly, we affirm the judgment of sentence.

¶ 2 The factual and procedural background of this matter is as follows. On June 19, 2002, Appellant robbed a convenience store located in Bethlehem, Lehigh County. During the incident, Appellant stabbed a store employee in each of her hands. Several witnesses observed Appellant flee from the store, and they immediately alerted a nearby police sergeant to the robbery and Appellant's flight. Although Appellant managed to escape in a vehicle, the officer noted the vehicle's license plate number. An investigation into the vehicle's registration led police to Appellant, who was arrested later that same evening near his home in Easton.

■ ¶ 3 On August 11, 2003, a jury convicted Appellant of the above-referenced

offenses. Following trial, the Commonwealth filed a notice of its intention to seek a mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9714, commonly referred to as the "Three Strikes" provision. At sentencing, the Commonwealth presented evidence that Appellant had previously been convicted of murder in 1972[2] and third-degree murder in 1978, among other crimes. Accordingly, the court determined the requisite quantum of proof was presented to trigger the provisions of Section 9714. The court also found that the existence of other acts of violence, the fact that Appellant had only been on parole from a 25 year sentence for eighteen months when he committed the instant offenses, and the excessive and unnecessary use of violence upon the victim, established that a sentence of 25 years of incarceration[3] was insufficient to protect the public. Thus, a life sentence was imposed, as authorized by Section 9714(a)(2). Appellant filed post-sentence motions, which were ultimately denied. Thereafter, Appellant filed a timely appeal in which he now raises a single issue for resolution by this *en banc* panel:

> Did the trial court err by imposing an illegal, enhanced sentence of life in prison without parole upon Appellant, after the Commonwealth filed a written notice requesting a third strike sentence, pursuant to section [9]714(a)(2) and the trial court found at a hearing without a jury, additional factors (*i.e.* evidence) to have been proven by a preponderance of the evidence?

---

1. 18 Pa.C.S.A. §§ 3701, 2702, and 907, respectively.

2. The record does not establish the degree of the 1972 murder conviction.

3. Section 9714(a)(2) provides that upon conviction for a third or subsequent crime of

violence, the court must impose a minimum sentence of at least 25 years' imprisonment and that it may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole. *See* discussion *infra.*

(Appellant's Brief at 4).[4]

¶ 4 Appellant bases his challenge primarily upon *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Relying upon these precedents, Appellant argues that the sentence imposed upon him violates his right to trial by jury and to due process by allowing the imposition of greater punishment, *i.e.*, life imprisonment, upon the sentencing court's finding by a preponderance of the evidence that a minimum sentence of 25 years' total confinement is insufficient to protect the public. These arguments are without merit and warrant no relief on appeal.

■ ¶ 5 In *Apprendi*, the United States Supreme Court held that a defendant's Fourteenth Amendment right to due process and Sixth Amendment right to trial by jury require that any fact, other than that of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum be submitted to a jury and proved beyond a reasonable doubt. *Apprendi, supra* at 490, 120 S.Ct. 2348.[5] Although the constitutional requirement of a jury trial and proof beyond a reasonable doubt applies to any fact *other than a prior conviction* that is legally essential to the punishment, it is permissible for judges to exercise discretion in imposing a sentence *within the*

*range* allowed by statute. *Id.* at 481, 120 S.Ct. 2348. The Sixth Amendment does not limit a judge's authority to exercise broad discretion in imposing a sentence within a statutory range. *United States v. Booker*, 543 U.S. 220, 233, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). "[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of facts that the judge deems relevant." *Id.* Only if the authority to impose an enhanced sentence depends upon a fact required to be decided by a jury is a judge prohibited from exercising discretion to impose a sentence within the higher range. *Blakely, supra* at 305, 124 S.Ct. 2531. Where a judge has the authority genuinely to exercise broad discretion within a statutory range, there is no Sixth Amendment constraint upon the exercise of that discretion. *Cunningham v. California*, — U.S. —, 127 S.Ct. 856, 871, 166 L.Ed.2d 856 (2007). The Supreme Court's "Sixth Amendment cases do not automatically forbid a sentencing court to take account of factual matters not determined by a jury and to increase the sentence in consequence." *Rita v. United States*, — U.S. —, 127 S.Ct. 2456, 2465–66, 168 L.Ed.2d 203 (2007).

¶ 6 In the case *sub judice*, the salient inquiry is the characterization of the triggering facts which define the range of sentences within which the judge could legitimately impose a life sentence. The

---

4. The question of whether a sentence of life imprisonment has been constitutionally imposed presents a challenge to the legality of the sentence which may not be waived upon appellate review. *Commonwealth v. Aponte*, 579 Pa. 246, 250 n. 1 855 A.2d 800, 802 n. 1 (2004). Consequently, we conclude this issue is properly before the Court.

5. In *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350

(1998), the United States Supreme Court held that the fact of a prior conviction may be found by a judge at the time of sentencing, rather than by the jury, even if the prior conviction results in an enhancement that increases the statutory maximum sentence. *Almendarez–Torres* remains good law. *See Ring v. Arizona*, 536 U.S. 584, 597 n. 4, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002); *United States v. Vargas*, 477 F.3d 94, 105 (3d Cir.2007).

relevant portion of the statute at issue provides as follows:

### § 9714. Sentences for second and subsequent offenses

#### (a) Mandatory sentence.—

(2) Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a **minimum sentence of at least 25 years** of total confinement, notwithstanding any other provision of this title or other statute to the contrary.... Upon conviction for a third or subsequent crime of violence the court **may,** if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

42 Pa.C.S.A. § 9714(a)(2) (emphasis supplied). By its terms, the statute requires a mandatory minimum sentence of at least 25 years of total confinement upon a conviction of a third crime of violence.[6] The statute affords the court discretion to impose a life sentence without parole if the court determines that 25 years of total confinement would be insufficient to protect the public safety.

¶ 7 The range of permissible sentences is expanded only by a showing that the defendant has committed two previous crimes of violence. After such a showing, it is then *within the discretion* of the court to impose a sentence of life imprisonment without parole. As such, the court is free to take account of factual matters not de-termined by a jury and to increase the sentence. *See Rita, supra* at 127 S.Ct. 2465–66.

¶ 8 In the case *sub judice,* the sentencing court was not limited to a choice of either 25 years or life imprisonment. Rather, it was required to impose a sentence of *at least* 25 years, but it remained free to impose a greater sentence. *See* 42 Pa.C.S.A. § 9714(e) ("Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section.").[7] The options available to the trial court included sentencing Appellant to any term of years in excess of 25 up to and including life imprisonment without parole. Because the statute does not mandate imposition of a life sentence and allows for the exercise of discretion within a statutory range, it provides for the type of genuine discretion which permits judicial fact-finding without violation of the Sixth or Fourteenth Amendments. *See Cunningham, supra* at 127 S.Ct. 871 n. 17 (citing with approval *Lopez v. People,* 113 P.3d 713 (Colo.2005), which holds that the fact of a prior conviction opens the aggravated range and permits the sentencing court to determine other aggravating factors.) *See also People v. Montour,* 157 P.3d 489, 496 (Colo. 2007) (noting that in *Lopez,* the court adopted the labeling of the fact of a prior conviction as "*Blakely*-exempt" because it need not be found by a jury, and explaining that the existence of any "*Blakely*-exempt" fact opens the aggravated range and permits the sentencing court to determine other aggravating facts that are not "*Blakely*-exempt.")

---

6. There is no dispute that each of Appellant's two previous convictions and the current conviction constitute crimes of violence within the meaning of the statute.

7. Unlike the circumstance in *Ring,* which was a capital case in which the mandatory penalty was a sentence of either life imprisonment or death, the trial court in the instant case was not *required* to impose one of only two sentencing options.

¶ 9 Our analysis is further informed by that of the California Supreme Court in *People v. Black*, 41 Cal.4th 799, 62 Cal. Rptr.3d 569, 161 P.3d 1130 (2007), in its application of the California determinate sentencing law upon remand by the United States Supreme Court for reconsideration in light of *Cunningham.* In holding that a defendant's right to a jury trial was not violated by imposition of an enhanced sentence because at least one aggravating circumstance had been established, the California Supreme Court stated:

> Accordingly, so long as a defendant is *eligible* for the upper term by virtue of facts that have been established consistently with Sixth Amendment principles, the federal Constitution permits the trial court to rely upon any number of aggravating circumstances in exercising its discretion to select the appropriate term by balancing aggravating and mitigating circumstances, regardless of whether the facts underlying those circumstances have been found to be true by a jury. "Judicial fact[-]finding in the course of selecting a sentence within the authorized range does not implicate the indictment, jury-trial, and reasonable-doubt components of the Fifth and Sixth Amendments." (*Harris v. United States* (2002) 536 U.S. 545, 558 [, 122 S.Ct. 2406, 153 L.Ed.2d 524].) Facts considered by trial courts in exercising their discretion within the statutory range of punishment authorized for a crime "have been the traditional domain of judges; they have not been alleged in the indictment or proved beyond a reasonable doubt. There is no reason to

believe that those who framed the Fifth and Sixth Amendments would have thought of them as the elements of the crime." (*Id.* at p. 560 [122 S.Ct. 2406] ). *People v. Black, supra* at 1138.

¶ 10 In summary, we hold that Section 9714(a)(2) does not require a jury determination as to the protection of public safety. This section only requires the showing of two prior convictions for crimes of violence before it affords the trial court discretion to impose a life sentence. Because the trial court had the statutory discretion, but was not mandated to impose a life sentence, we hold that the trial court did not err in its imposition of sentence. We determine that the court did not violate Appellant's constitutional rights by considering facts that were not determined by the jury, but properly exercised its discretion to consider the protection of public safety in reaching its sentencing decision in accordance with the precepts of *Apprendi, Ring,* and *Blakely.*[8] Accordingly, we affirm the judgment of sentence.

¶ 11 Judgment of sentence affirmed.

¶ 12 BENDER, J., files Dissenting Opinion which KLEIN, J., joins and TODD, J., Concurs in the Result.

DISSENTING OPINION BY BENDER, J.:

¶ 1 Appellant was sentenced to a life sentence under the provisions of 42 Pa. C.S. § 9714. The Majority contends Appellant's prior convictions was the sole factor that caused Appellant to be eligible for a life sentence, and that therefore the imposition of that term of imprisonment did

---

8. Although Appellant purports to challenge his sentence on the basis of the Pennsylvania Constitution, as well as that of the United States, he does not adequately develop a separate argument in support of his state constitutional challenge, pursuant to *Commonwealth v. Edmunds*, 526 Pa. 374, 586 A.2d 887

(1991). Rather, Appellant again relies upon *Apprendi, Ring,* and *Blakely* in support of his contention that Section 9714(a)(2) is violative of his rights to due process and a jury trial as secured by the Pennsylvania Constitution. (Appellant's Brief at 28).

not violate Appellant's constitutional rights as recognized in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). I respectfully dissent.

¶ 2 As the Majority acknowledges, and the cases of *Apprendi, Blakely, et al.,* establish, a defendant's Fourteenth Amendment right to due process and Sixth Amendment right to trial by jury require that any fact, other than that of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum [9] be submitted to a jury and proven beyond a reasonable doubt. Conversely, as the Majority emphasizes, the mere exercise of judicial discretion within a statutorily authorized range of punishment does not offend the above constitutional rights.

¶ 3 Taking into account the above statement of law, the essence of the Majority's rationale, if I understand it correctly, is that under 42 Pa.C.S. § 9714, the presence of three prior qualifying convictions on a criminal defendant's record authorizes a new and higher range of punishment for a robbery conviction—the ceiling of which is life imprisonment—from which the sentencing court merely exercises its discretion in choosing a finite sentence of at least 25 years' imprisonment or an indefinite term of life imprisonment. Since the court merely exercises its discretion within a range established by the defendant's convictions, *Apprendi* and its progeny are not implicated and neither due process nor the right to trial by jury is offended. Unfortunately for the Majority, this analysis ignores the actual language of the statute in question and also ignores the fact that this type of distinction has been rejected by the United States Supreme Court.

¶ 4 42 Pa.C.S. § 9714 provides:

**(a) Mandatory sentence.—**

\* \* \*

(2) Where the person has at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person **shall be sentenced to a minimum sentence of at least 25 years total confinement,** notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. **Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.**

¶ 5 Deconstructing the language of section 9714, the presence of two or more prior convictions for crimes of violence requires, upon the third or subsequent such conviction, the imposition of a finite term of imprisonment of at least 25 years total confinement. However, upon conviction of a third or subsequent qualifying crime of violence the court may, "if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole." The Majority construes the statute's language as setting a range of

---

**9.** Relevant case law firmly establishes that the statutory maximum for purposes of an *Apprendi* analysis is not simply defined by the maximum punishment allowed by statute for a class of crimes or for a particular crime but,

rather, it is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely,* 542 U.S. at 303, 124 S.Ct. 2531 (emphasis removed).

punishment, from 25 years imprisonment to life imprisonment, which is applicable when the offender has three or more prior convictions for crimes of violence.

¶ 6 I use the word "construe" purposefully, because upon close reading it is clear the Majority's position rests upon a construction of the literal language of section 9714 rather than an unequivocal expression provided by the statute's actual wording. Section 9714 can certainly be recast to explicitly provide what the Majority reconstructs. I proffer the following theoretical reconstruction of section 9714, which utilizes a great deal of the original language:

> Where the person has at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a term of imprisonment which is not less than 25 years total confinement and not greater than life imprisonment without the possibility of parole.

However, currently, section 9714 is not worded in such a manner as to explicitly convey the above.

¶ 7 The Majority's interpretation of section 9714 as merely setting forth a range of punishment from 25 years to life imprisonment begs the question whether the phrase "if it determines that 25 years of total confinement is insufficient to protect the public safety" is a precondition to imposing a sentence of life imprisonment or merely words illustrating the discretionary nature of the task involved. If the opera-

tive phrase is deemed to be a precondition, the Majority's rationale falls apart because it would not be the fact of a prior conviction alone justifying the imposition of a sentence enhancement but, rather, a conclusion reached by the sentencing court.

¶ 8 In resolving this question of statutory construction it should be useful to resort to the Statutory Construction Act, 1 Pa.C.S. § 1501 *et seq.*, and well accepted principles of statutory construction. One essential premise of statutory construction is that words and phrases are to be given their plain meaning.[10] Giving credence to the plain language of the statute, the court may impose a sentence of life imprisonment, **if it determines** that 25 years of total confinement is insufficient to protect the public safety. While, literally read, the statute imbues the court with discretion to impose a life sentence, the language "if [the court] determines" certainly connotes a condition to the court's exercise of its discretion to impose a life sentence. As such, a plain reading of the statute leads to the conclusion that imposition of a life sentence is not preconditioned upon the fact of prior convictions alone, but is further conditioned upon a finding that 25 years of total confinement is insufficient to protect the public safety.

¶ 9 Another principle of statutory construction provides that words or phrases in statutes should not be construed as mere surplusage.[11] In construing section 9714 as providing complete discretion to impose a life sentence upon proof of the requisite number and type of prior convictions alone, the Majority essentially glosses

**10.** "[The court is] obliged, however, to construe a statute according to its plain meaning and in such a manner as to give effect to all of its provisions." *Borough of Pottstown v. Pa. Mun. Ret. Bd.*, 551 Pa. 605, 612, 712 A.2d 741, 744 (1998).

**11.** In *Metropolitan Life Ins. Co. v. Bodge*, 385 Pa.Super. 77, 560 A.2d 175, 181 (1989), we stated: "The Statutory Construction Act, ... requires that every statute or regulation 'be construed, if possible, to give effect to *all* its provisions.' 1 Pa.C.S. § 1921(a) (emphasis supplied)."

over, if not completely ignores, the seemingly qualifying phrase "if it determines that 25 years of total confinement is insufficient to protect the public safety." In other words, the Majority treats that phrase as mere surplusage that adds nothing of significance to the statute. Of course, this interpretation contravenes the idea that words in a statute are deemed not to be construed as mere surplusage.

¶ 10 For additional guidance in construing the import of the qualifying language in 42 Pa.C.S. § 9714, it may be instructive to compare that section to the other statutory provisions setting forth maximum levels of punishment. The range of punishment allowed for felonies is set forth at 18 Pa.C.S. § 1103 and provides:

§ 1103. **Sentence of imprisonment for felony**

Except as provided in 42 Pa.C.S. § 9714 (relating to sentences for second and subsequent offenses), a person who has been convicted of a felony may be sentenced to imprisonment as follows:

(1) In the case of a felony of the first degree, for a term which shall be fixed by the court at not more than 20 years.

(2) In the case of a felony of the second degree, for a term which shall be fixed by the court at not more than ten years.

(3) In the case of a felony of the third degree, for a term which shall be fixed by the court at not more than seven years.

¶ 11 As the many cases relating to sentencing in Pennsylvania establish, sentencing in Pennsylvania is primarily a matter of judicial discretion. *Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957 (2007). A review of section 1103 above reveals that the primary statutory authority allowing the imposition of a term of imprisonment indeed supports this conclusion. The statute providing primary authorization to impose a sentence of imprisonment does nothing more than set forth a maximum term of imprisonment or, in other words, establish a statutory ceiling. These provisions provide no restrictions to the court's discretion in imposing sentence and caselaw clearly establishes that the imposition of sentence within the authorized range is a matter of the court's discretion.[12]

¶ 12 As established above, unlike 18 Pa.C.S. § 1103, 42 Pa.C.S. § 9714 provides a minimum sentence that is mandatory, thereby restricting the court's discretion. More significantly for the purposes of the present constitutional question, the statute provides for the permissive imposition of a life sentence, but includes the language at issue here, which seemingly conditions the court's determination upon a finding that the mandatory minimum sentence is insufficient to protect the public safety. A side-by-side comparison, therefore, reveals a substantial difference between section 9714 and the general provisions authorizing punishment. Similar to the demonstration above, if the legislature had intended for section 9714 to have the same application as the general sentencing provisions, it could have, to simply track the language of section 1103, authorized a sentence "fixed by the court at not less than 25 years and not greater than life imprisonment" and left it at that. Under such a wording, the imposition of a life sentence truly would have had a completely permissive and discretionary nature between the two parameters. That section 9714 does not simply set a new ceiling at life imprisonment, as the legislature chose in other sections of

12. The only other restriction of significance is 42 Pa.C.S. § 9756, which requires the court to impose both a minimum and maximum term of imprisonment and which compels the maximum sentence be at least twice that of the minimum sentence.

the crimes code, is another clue that there is more at work in section 9714 than merely authorizing a new range from which the judge may exercise discretion.

¶ 13 In reality, the present case differs very little from *Blakely*. Under the Washington sentencing scheme found in *Blakely*, Blakely's conviction established his statutory maximum of ten years' imprisonment. However, other provisions set forth a presumptive and relatively narrow range of imprisonment below the statutorily allowed maximum, in Blakely's case 49 to 53 months' imprisonment. Additional provisions allowed,[13] but did not compel, a sentence above the presumptive range if the court found "substantial and compelling reasons justifying an exceptional sentence." *Id.* at 299, 124 S.Ct. 2531. In finding a constitutional violation, the Court did not focus upon the fact that the court had discretion to impose the enhanced sentence, that is, that a sentencing court in Washington **may** impose an enhanced sentence. Rather, the Court focused upon the fact that, discretionary or not, the enhancement could not be imposed absent a conclusion that there were substantial and compelling circumstances justifying the imposition of an exceptional sentence.[14] Because the exercise of discretion was further conditioned, allowing the court to determine that the condition was satisfied

violated the constitutional rights mentioned above.

¶ 14 Referencing *Blakely*, section 9714 comes clearly into constitutional focus. The presence of qualifying prior convictions raised Appellant's potential range of punishment to a minimum of 25 years total confinement and a maximum of life imprisonment. In *Blakely*, Blakely's maximum was 10 years of imprisonment. A finite sentence of incarceration of at least 25 years is the equivalent of *Blakely's* "standard range" sentence, the sentence which the court could impose in recognition of Appellant's convictions alone. As in *Blakely*, section 9714 allows for an enhancement, in this case "life imprisonment," but conditions the imposition of that sentence upon an additional finding made by the court "that 25 years of total confinement is insufficient to protect the public safety." This qualifying phrase is the functional equivalent of a judge in Washington concluding that "substantial and compelling reasons justify [ ] an exceptional sentence." It matters not that the imposition of the enhancement is discretionary with the court when the exercise of that discretion is further conditioned upon a determination made by the court. Because the terms of the statute condition the exercise of discretion upon an additional conclusion, that conclusion

---

**13.** That the United States Supreme Court viewed a sentencing enhancement as permissive and not mandatory is established by the Court's statement "[a] judge **may** impose a sentence above the standard range...." *Blakely*, 542 U.S. at 299, 124 S.Ct. 2531 (emphasis added). Similarly, in *Cunningham v. California*, —— U.S. ——, 127 S.Ct. 856, 865, 166 L.Ed.2d 856 (2007), the Court stated: "The State in *Blakely* had endeavored to distinguish *Apprendi* on the ground that 'under the Washington guidelines, an exceptional sentence is within the court's discretion as a result of a guilty verdict.'"

Washington law further establishes that the imposition of an exceptional sentence was discretionary with the court. The Supreme Court of Washington stated in *State v. Law*, 154 Wash.2d 85, 110 P.3d 717, 721 (2005): "The SRA then sets forth nonexclusive 'illustrative' factors which the court may consider in exercising its discretion to impose an exceptional sentence."

**14.** In this regard, the Court stated: "Whether the judicially determined facts require a sentence enhancement or merely allow it, the verdict alone does not authorize the sentence." *Blakely*, 542 U.S. at 305, n. 8, 124 S.Ct. 2531 (emphasis removed).

must be either admitted by the defendant or submitted to a jury and proven beyond reasonable doubt.

¶ 15 I understand the Majority's reluctance to impair the operation of an important piece of legislation relating to repeat offenders by labeling a portion of it unconstitutional, and I would admit that, with proper wording, the legislature is empowered to grant sentencing courts discretionary authority to impose life sentences. However, the statute as currently worded is unconstitutional and I am unwilling to reconstruct the plain terms of section 9714 so as to conform to constitutional mandates. Thus, I dissent.