J-S56021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOBAL R. RUIZ | |
| Appellant | No. 2091 MDA 2015 |

Appeal from the Order Entered November 4, 2015
In the Court of Common Pleas of Berks County
Criminal Division, at No(s): CP-06-CR-0004826-2002
CP-06-CR-0005250-2002.

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, J.                    **FILED AUGUST 26, 2016**

Christobal R. Ruiz ("Appellant") appeals from the order dismissing his timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On May 7, 2003, Appellant was found guilty, at two separate dockets, of burglary and related crimes. Concluding that Appellant had two prior convictions for crimes of violence, the trial court subsequently imposed a life sentence pursuant to Pennsylvania's "three strikes law." 42 Pa.C.S.A. § 9714(a)(2). In doing so, the trial court determined that the otherwise applicable mandatory twenty-five year sentence was "insufficient to protect the public safety." **Id**. Following the denial of his post-sentence motions,

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant filed an appeal to this Court. In an unpublished memorandum filed on June 6, 2004, this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal on March 2, 2006.

Appellant filed a *pro se* PCRA petition in October 2006. After multiple continuances and several substitutions of counsel, PCRA counsel filed an amended PCRA petition and the PCRA court reinstated Appellant's appellate rights, *nunc pro tunc*. Thereafter, Appellant filed a timely appeal. In an unpublished memorandum filed on November 11, 2009, we rejected Appellant's claims, including his challenge to the trial court's discretion by imposing a life sentence and affirmed Appellant's judgment of sentence. After Appellant, via another PCRA petition, was granted the right to seek allowance of appeal *nunc pro tunc,* our Supreme Court denied the petition on April 5, 2011.

Appellant filed a *pro se* PCRA petition on February 8, 2012. The PCRA court appointed counsel. PCRA counsel subsequently filed a "no-merit" letter and permission to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Thereafter, the PCRA court filed notice of its intent to dismiss Appellant's petition without a hearing. Appellant filed a *pro se*

response.[1] By order entered on March 31, 2014, the PCRA court dismissed Appellant's PCRA petition and permitted counsel to withdraw. Appellant filed a timely *pro se* appeal.

In an unpublished memorandum, this Court disagreed with the PCRA court's conclusions, finding that Appellant raised an issue of arguable merit in his *pro se* response. **See Commonwealth v. Ruiz**, 702 MDA 2014 (Pa. Super., filed June 2, 2015) (Panella, J.). Specifically, the panel found that Appellant's challenge to the legality of his life sentence was properly raised in a timely petition and stated that "it is at the very least an open question whether the imposition of a life sentence under section 9714 violates a defendant's right to a jury trial under [**Apprendi v. New Jersey**, 530 U.S. 466 (2000),] and its progeny." **Id**. at 4. We thus remanded the case for the appointment of new counsel and directed new counsel to develop the **Apprendi** issue, and to also "review the entire record and independently determine whether any other issues have arguable merit." **Id**. at 5.

Upon remand, the PCRA court appointed new counsel. Counsel filed a "Motion for New Jury Trial," based upon Appellant's claim that his life sentence was imposed by the trial court in violation of his right to a jury trial. After considering the answer filed by the Commonwealth, the PCRA court denied Appellant's motion. This timely appeal follows. Appellant raises

_____

[1] Appellant also filed a response to PCRA counsel's **Turner**/**Finley** letter.

the following issue: "Did the [PCRA] court err in denying the motion for new trial based on the fact the sentence imposed was unconstitutional per [*Apprendi*]?" Appellant's Brief at 4.

We consider Appellant's motion for new trial based upon *Apprendi* as a supplement to Appellant's pending PCRA petition. Our standard of review is well settled.

> Under the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. The PCRA credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Spotz*, 18 A.3d 244, 249 (Pa. 2011) (citations omitted).

In rejecting Appellant's claim that he was sentenced in violation of *Apprendi*, the PCRA court properly noted that this Court rejected the exact same argument raised by a similarly sentenced defendant in *Commonwealth v. Lane*, 941 A.2d 34 (Pa. Super. 2008) (*en banc*). In *Lane*, we stated:

> In summary, we hold that Section 9714(a)(2) does not require a jury determination as to the protection of public safety. This section only requires the showing of two prior convictions for crimes of violence before it affords the trial court discretion to impose a life sentence. Because the trial court had the statutory discretion, but was not mandated to impose a life sentence, we hold that the trial court did not err in its imposition of sentence. We determine that the court did not violate [Lane's] constitutional rights by considering facts that were not considered by the jury, but properly exercised its discretion to consider the protection of public safety in reaching its sentencing decision in accordance with the precepts of *Apprendi*[.] Accordingly, we affirm the judgment of sentence.

941 A.2d at 38 (footnote omitted).

While within his brief Appellant discusses how various decisions in several of our sister states deal with similar sentencing provisions, he does not acknowledge this Court's *en banc* decision in **Lane**.[2] Thus, because **Lane** establishes that Appellant's right to a jury trial was not violated by the trial court's imposition of a life sentence pursuant to § 9714(a)(2), we affirm the order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2016

_____

[2] Moreover, Appellant does not provide any argument within his brief that the United States Supreme Court's decision in **Alleyne v. U.S.**, 132 S.Ct. 2151 (2013), renders his life sentence illegal. Reference to **Alleyne** is found only in Appellant's quotation of a case from our sister state; a decision which finds **Alleyne** inapplicable. **See** Appellant's Brief at 18 (quoting **State v. Witherspoon**, 329 P.3d 888 (Wash. 2014)). This Court has likewise recognized that **Alleyne** is inapplicable to § 9714, since **Alleyne** did not eliminate the exception for prior convictions. **See**, **e.g.**, **Commonwealth v. Reid**, 117 A.2d 777, 784-85 (Pa. 2015).