J-S60020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID J. BROOKS | : | |
| | : | |
| Appellant | : | No. 951 MDA 2018 |

Appeal from the PCRA Order May 25, 2018
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003977-2014

BEFORE: SHOGAN, J., NICHOLS, J., and STRASSBURGER, J.*

MEMORANDUM BY NICHOLS, J.:            **FILED NOVEMBER 14, 2018**

Appellant David J. Brooks appeals *pro se* from the order dismissing his first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Appellant argues that his sentence as a third-strike offender is illegal, and that both appellate and PCRA counsel were ineffective for failing to pursue that issue on appeal.  We affirm.

On January 13, 2016, a jury found Appellant guilty of rape, corruption of minors, and unlawful contact with a minor.[1]  On March 22, 2016, the trial court sentenced Appellant to life imprisonment for rape, a consecutive term of twenty-five to fifty years' imprisonment for corruption of minors, and a

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3121(a)(1), 6301(a)(1)(ii), and 6318(a)(1), respectively.

concurrent term of imprisonment of ten to twenty years for unlawful contact.[2] Appellant timely appealed to this Court, and we affirmed his judgment of sentence on April 10, 2017.[3] *See Commonwealth v. Brooks*, 972 MDA 2016 (Pa. Super. filed Apr. 10, 2017) (unpublished mem.).

Appellant filed a timely first *pro se* PCRA petition on November 3, 2017. The court appointed counsel, who filed a petition to withdraw and a *Turner*/*Finley*[4] no-merit letter on May 3, 2018. On May 8, 2018, the PCRA court issued a notice of intent to dismiss Appellant's petition without a hearing under Pa.R.Crim.P. 907, and granted PCRA counsel's petition to withdraw. Appellant filed a Rule 907 response on May 22, 2018, raising a claim based on PCRA counsel's ineffectiveness. *See* Appellant's 907 Resp., 5/22/18.

The PCRA court dismissed Appellant's PCRA petition on May 25, 2018. Appellant's timely notice of appeal was docketed on June 12, 2018. The PCRA court issued an order to file a Pa.R.A.P. 1925(b) statement on June 25, 2018. Appellant's statement was docketed on July 9, 2018. On July 17, 2018, the PCRA court issued a statement in lieu of a memorandum opinion, and incorporated its May 25, 2018 order, which incorporated its May 8, 2018 order.

---

[2] At trial, Appellant waived his right to counsel, and, after an on-the-record colloquy, he represented himself with the assistance of stand-by counsel. *See* N.T., 1/12/16, at 4-19.

[3] Counsel was appointed to represent Appellant on direct appeal.

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

Appellant raises three issues on appeal, which we have reordered as follows:

1. Whether [the] sentencing court committed an error of law in finding that the conviction of a 2001 unarmed robbery [was] substantially similar to subsection 3701(A)(1)(i)(ii) and (iii) Pennsylvania's robbery statute thereby making the sentence issued under 42 [Pa.]C.S.A. [§] 9714 illegal.

2. Whether PCRA counsel failed to carefully review the elements of this 2001 unarmed robbery offense in terms of classification of conduct [proscribed, s]atisfying [Section] 3701 (A)(i)(ii)(iii) and (vi)(v)(vi).

3. Whether sentencing appellant to life in prison without parole was an illegal sentence and/or violated his fifth, six and fourteenth amendment rights under the United States [C]onstitution and article 1 section six and nine of the Pennsylvania [C]onstitution because the decision was based upon a factual determination made by the trial court instead of a jury.

Appellant's Brief at 3.

Our standard of review is well-settled:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

In his first issue, Appellant argues that his 2001 conviction for "unarmed robbery" is not an enumerated crime of violence under Section 9714(g), and, therefore, it was improperly counted as a second strike at sentencing. Appellant's Brief at 8. Appellant concludes that based on this error, he was incorrectly sentenced as a third-strike offender under 42 Pa.C.S. § 9714(a)(2). *Id.*

Initially, we note that a challenge to the applicability of a mandatory sentencing statute such as Section 9714 is a challenge to the legality of the sentence. *See Commonwealth v. Shiffler*, 879 A.2d 185, 188-89 (Pa. 2005) (explaining that a challenge to the applicability of Section 9714 raises a question of statutory construction, which is a pure question of law implicating the legality of the sentence). Accordingly, this claim cannot be waived. *See Commonwealth v. Rivera*, 154 A.3d 370, 379 (Pa. Super. 2017) (*en banc*) (stating that a claim that implicates the legality of a sentence cannot be waived on appeal), *appeal denied*, 169 A.3d 1072 (Pa. 2017).

Pursuant to Section 9714(a)(2),

[w]here the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. . . .

42 Pa.C.S. § 9714(a)(2). Section 9714(g) contains several offenses that qualify as "crimes of violence," including robbery, as defined in 18 Pa.C.S. §

3701(a)(1)(i), (ii) or (iii), rape, and aggravated indecent assault.[5]  *See* 42 Pa.C.S. § 9714(g).

> Here, at sentencing, the Commonwealth explained to the court:

> By further background, we would note that by correspondence of February 5th of 2016, although we had previously indicated so on the record, we did file our formal notification to [Appellant] that we would be seeking mandatories in this case, specifically for a second crime of sexual violence under Title 42 Section 9718.1, and **also for a third crime of violence under Title 42 Section 9714. We did enclose the certified records**[6] **as well as required by the statute in reference to this matter.** And I did want to make sure, we also provided that as part of the pre-sentence report as well.

N.T. Sentencing Hr'g, 3/22/16, at 6-7 (emphasis added).

Our review of the record confirms that Appellant was properly sentenced as a third-strike offender.  First, he was convicted of aggravated indecent assault in 1990.  *See* Docket No. CP-22-CR-2538-1990.  Aggravated indecent assault is an enumerated crime of violence under Section 9714(g), and, therefore, constitutes Appellant's first strike.  *See* 42 Pa.C.S. § 9714(g).

In 2001, Appellant pled guilty to robbery, which is also an enumerated offense under Section 9714(g).  *See* Docket No. CP-22-CR-1345-2001.  This

---

[5] 18 Pa.C.S. § 3125.

[6] Although it appears that the trial court had Appellant's criminal background at sentencing, the details of Appellant's 2001 robbery conviction were not included in the certified record.  However, upon informal inquiry, the trial court advised us that Appellant's 2001 guilty plea was for robbery under 18 Pa.C.S. § 3701(a)(1)(ii) (robbery with threat of serious bodily injury), which is an enumerated offense in Section 9714(g).

conviction counted as Appellant's second strike under Section 9714. *See* 42 Pa.C.S. § 9714(g). Although Appellant does not dispute the fact that he was convicted under 3701(a)(1)(ii) for threatening serious bodily injury, he suggests that because it was an "unarmed robbery," it cannot be considered a crime of violence. Appellant's Brief at 4. However, given the fact that he pled to an offense specifically enumerated in Section 9714(g), Appellant's argument is without merit.

In the instant case, Appellant was convicted of rape, also an enumerated offense under Section 9714(g). *See* 42 Pa.C.S. § 9714(g). Accordingly, this resulted in Appellant's third strike and the imposition of the mandatory sentence at issue. *See* Pa.C.S. § 9714(a)(2). Therefore, we agree with the PCRA court that Appellant was properly sentenced as a third-strike offender, as he had two prior convictions for violent crimes at the time he was convicted for a third enumerated crime in Section 9714(g).

In his second issue, Appellant claims that both trial counsel and PCRA counsel were ineffective for failing to challenge the trial court's conclusion that Appellant's 2001 robbery conviction was his second strike. Appellant's Brief at 24-25. He further argues that PCRA counsel was ineffective for mentioning Appellant's previous burglary conviction[7] in his ***Turner*/*Finley*** letter and for failing to obtain records from the clerk of courts to ascertain whether the

---

[7] In an unrelated matter, at Docket No. CP-22-CR-1580-1995, Appellant was convicted of burglary. This conviction, however, was not the basis of his underlying third-strike offender sentence. *See* PCRA Ct. Order, 5/8/18, at 3.

burglary conviction constituted another crime of violence. *Id.* He asserts that "such evidence would have been beneficial to [Appellant's] appeal and lack thereof was prejudicial." *Id.* at 26.

To establish a claim of ineffective assistance of counsel, a petitioner "must show, by a preponderance of the evidence, ineffectiveness which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Commonwealth v. Turetsky*, 925 A.2d 876, 880 (Pa. Super. 2007) (citation omitted). It is presumed that the petitioner's counsel was effective, unless the petitioner proves otherwise. *Commonwealth v. Williams*, 732 A.2d 1167, 1177 (Pa. 1999). Therefore, a petitioner must prove (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Washington*, 927 A.2d 586, 594 (Pa. 2007). A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs. *Id.*

Here, as discussed above, Appellant's sentence was properly based on three convictions for crimes of violence under Section 9714 (robbery under 18 Pa.C.S. § 3701(a)(1)(ii), rape, and aggravated indecent assault). *See* 42 Pa.C.S. § 9714(g). Therefore, neither appellate counsel nor PCRA counsel was ineffective for failing to challenge the trial court's conclusion that the robbery was Appellant's second strike. *See Commonwealth v. Travaglia*,

661 A.2d 352, 357 (Pa. 1995) ("[C]ounsel cannot be deemed ineffective for failing to pursue a meritless claim[.]" (citation omitted)).

Regarding Appellant's claim of PCRA counsel's ineffectiveness, we note that Appellant's burglary conviction was not part of the conviction for which he received a sentence as a third-strike offender.[8] **See** PCRA Ct. Order, 5/8/18, at 3. Therefore, Appellant has failed to establish that he has been prejudiced. Accordingly, no relief is due. **See Washington**, 927 A.2d at 594.

In his final issue, Appellant claims that his constitutional rights were violated because defendants are "entitled to a jury determination on any fact on which the legislature conditions an increase in their maximum punishment." Appellant's Brief at 19. Appellant engages in a lengthy discussion of relevant case law. **Id.**

In **Apprendi v. New Jersey,** 530 U.S. 466 (2000), the United States Supreme Court concluded:

> **Other than the fact of a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.... "[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established beyond a reasonable doubt."

---

[8] Although the PCRA court mentioned Appellant's burglary conviction in its opinion, it noted that the mandatory sentence was based on Appellant's convictions for robbery, indecent assault, and rape. **See** PCRA Ct. Order, 5/8/18, at 3-4.

*Apprendi*, 530 U.S. at 490 (citation omitted and emphasis added).

In ***United States v. Alleyne***, 570 U.S. 99 (2013), the United States Supreme Court extended ***Apprendi*** principles to mandatory minimum statutes.[9] ***Alleyne***, 570 U.S. at 111-13. However, the ***Alleyne*** Court did not disturb the view that a prior conviction need not be found by a jury beyond a reasonable doubt. ***See id.*** at 111 n.1 (discussing ***Almendarez–Torres v. United States***, 523 U.S. 224 (1998)).

In ***Commonwealth v. Lane***, 941 A.2d 34, 37 (Pa. Super. 2008) (*en banc*), this Court considered a challenge to Section 9714(a)(2) based on ***Apprendi***. We explained that:

> By its terms, the statute requires a mandatory minimum sentence of at least 25 years of total confinement upon a conviction of a third crime of violence. The statute affords the court discretion to impose a life sentence without parole if the court determines that 25 years of total confinement would be insufficient to protect the public safety.
>
> The range of permissible sentences is expanded only by a showing that the defendant has committed two previous crimes of violence. After such a showing, it is then within the discretion of the court to impose a sentence of life imprisonment without parole. As such, the court is free to take account of factual matters not determined by a jury and to increase the sentence.
>
> \* \* \*
>
> Section 9714(a)(2) does not require a jury determination as to the protection of public safety. This section only requires the

---

[9] We note that the Pennsylvania Supreme Court has held that ***Alleyne*** does not apply retroactively in a PCRA proceeding. ***See Commonwealth v. Washington***, 142 A.3d 910, 820 (Pa. 2016). However, because ***Alleyne*** was decided before Appellant's sentencing, and Appellant's PCRA petition was timely filed, ***Alleyne*** is applicable to this case.

showing of two prior convictions for crimes of violence before it affords the trial court discretion to impose a life sentence. Because the trial court had the statutory discretion, but was not mandated to impose a life sentence, we hold that the trial court did not err in its imposition of sentence [of life without the possibility of parole]. We determine that the court did not violate [the a]ppellant's constitutional rights by considering facts that were not determined by the jury, but properly exercised its discretion to consider the protection of public safety in reaching its sentencing decision[.]

*Lane*, 941 A.2d at 37 (citations and footnote omitted).

The *Lane* Court's analysis applies here. Appellant had two prior convictions for crimes of violence under Section 9714 at the time the trial court imposed its sentence in the instant matter. As noted in *Lane*, Appellant's prior convictions increased the range of penalties for the instant rape conviction to a minimum of twenty-five years' imprisonment to a maximum of life without parole. *See* 42 Pa.C.S. § 9714(a)(2), (e). However, because Appellant's prior convictions increased the permissible minimum and maximum sentences, jury findings were not required, and that trial court retained the discretion to impose a sentence of life imprisonment without parole. *See Lane*, 941 A.2d at 37. Thus, Appellant's claim fails.

Accordingly, we agree with the PCRA court that Appellant has failed to raise any meritorious claims for PCRA relief, and conclude that the PCRA court's findings are supported by the record. *See Ford*, 44 A.3d at 1194.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/14/2018