J-A17032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMIL MCDONALD | |
| Appellant | No. 1999 EDA 2014 |

Appeal from the Judgment of Sentence April 4, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003963-2012

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and OTT, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 29, 2015**

Appellant, Jamil McDonald, appeals from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his bench trial convictions for terroristic threats, involuntary deviate sexual intercourse ("IDSI"), aggravated indecent assault, indecent assault, robbery, and persons not to possess firearms.[1]  We affirm.

The trial court opinion fully sets forth the relevant facts and procedural history of this case.  Therefore, we have no need to restate them.[2]

---

[1] 18 Pa.C.S.A. §§ 2706, 3123, 3125, 3126, 3701, and 6105, respectively.

[2] We make one small correction to the court's opinion at page 2.  After sentencing on April 4, 2014, Appellant timely filed post-sentence motions on April 10, 2014.  The court denied the motions on June 16, 2014.  Appellant timely filed his notice of appeal on **July 11, 2014**.

Appellant raises the following issues for our review:

WHETHER THE TRIAL COURT ERRED WHEN IT FOUND [APPELLANT] TO BE A SEXUALLY VIOLENT PREDATOR AFTER THE MARCH 6, 2014 HEARING BECAUSE THE COMMONWEALTH FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE THAT APPELLANT ACTED DUE TO A MENTAL ABNORMALITY OR PERSONALITY DISORDER THAT MADE HIM LIKELY TO ENGAGE IN PREDATORY SEXUALLY VIOLENT OFFENSES.

WHETHER THE MANDATORY MINIMUM SENTENCES IMPOSED ON ROBBERY, INVOLUNTARY DEVIATE SEXUAL INTERCOURSE AND AGGRAVATED INDECENT ASSAULT ARE ILLEGAL AND IN VIOLATION OF FEDERAL AND STATE CONSTITUTIONAL RIGHTS.

(Appellant's Brief at 6).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Gregory M. Mallon, we conclude Appellant's first issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of that issue. (*See* Trial Court Opinion, filed February 18, 2015, at 3-8) (finding: Dr. Haworth, psychologist and member of Sexual Offender Assessment Board ("SOAB"), concluded Appellant suffers from antisocial personality disorder; Dr. Haworth explained that individual with antisocial personality disorder has no regard for other people and fails to balance his own needs against those of others; Appellant had six prior juvenile adjudications and five prior convictions as adult; Appellant directed his criminal behavior toward stranger, creating higher risk of recidivism; Appellant displayed unusual cruelty during commission of offense; Appellant held gun to victim's head,

threatened to kill her if she did not comply with Appellant's sexual demands, and fired warning shot; Dr. Haworth concluded Appellant fit within definition of sexually violent predator; Commonwealth established by clear and convincing evidence that Appellant is sexually violent predator). Accordingly, as to Appellant's first issue we affirm on the basis of the trial court opinion.

In his second issue, Appellant argues the court's application of the mandatory minimum sentence under 42 Pa.C.S.A. § 9714 (sentences for second and subsequent offenses), to Appellant's convictions for robbery, IDSI, and aggravated indecent assault, violated Article I, § 9 of the Pennsylvania Constitution. Appellant acknowledges the federal exception to the rule in **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), for mandatory minimum sentences triggered by a prior conviction. Nevertheless, Appellant contends **Alleyne** "stood mute" on the continued viability of the "prior conviction" exception and that the Pennsylvania Constitution provides greater protection in this context than the federal Constitution. Appellant asserts this Court's recent decisions, which applied **Alleyne** to strike down certain mandatory minimum statutes, likewise require the invalidation of Section 9714. Appellant concludes this Court should vacate his judgment of sentence and remand for resentencing without application of a mandatory minimum. We cannot agree.

For sentences on second or subsequent offenses, 42 Pa.C.S.A. § 9714

sets forth a mandatory minimum sentence of ten (10) years' imprisonment for a crime of violence where a defendant has previously been convicted of a crime of violence. 42 Pa.C.S.A. § 9714(a)(1). Section 9714(d) of this statute states that its provisions shall not be an element of the crime. 42 Pa.C.S.A. § 9714(d). The statute further provides:

> The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section. Should a previous conviction be vacated and an acquittal or final discharge entered subsequent to imposition of sentence under this section, the offender shall have the right to petition the sentencing court for reconsideration of sentence if this section would not have been applicable except for the conviction which was vacated.

*Id.* The language of the statute explains that the accuracy of the prior record, if contested, is subject to a preponderance of the evidence standard. *Id.*

The *Alleyne* Court expressly held that any fact that increases the mandatory minimum sentence for a crime is considered an element of the crime to be submitted to the fact-finder and found beyond a reasonable doubt. *Alleyne, supra*. In *Commonwealth v. Newman*, 99 A.3d 86

(Pa.Super. 2014) (*en banc*), this Court addressed the constitutionality of a mandatory minimum sentencing statute containing language similar to Section 9714(d). Relying on ***Alleyne***, ***Newman*** held Section 9712.1 (sentences for certain drug offenses committed with firearms) could no longer pass constitutional muster as it "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs and possessed a firearm, or that a firearm was in close proximity to the drugs." ***Newman, supra*** at 98. This Court further held that the subsections of Section 9712.1 are so "essentially and inseparably connected" that severance of the statute is not possible, rendering the entire statute unconstitutional. ***Id.*** at 102. Thus, this Court vacated Newman's sentence for possession of a controlled substance with the intent to deliver and remanded for resentencing without imposition of the mandatory minimum under Section 9712.1. ***See also Commonwealth v. Valentine***, 101 A.3d 801 (Pa.Super. 2014) (extending logic of ***Alleyne*** and ***Newman*** to Sections 9712 and 9713 and holding those sections are likewise unconstitutional insofar as they permit automatic increase of defendant's sentence based on preponderance of evidence standard). ***Accord Commonwealth v. Hopkins***, ___ A.3d ___, 2015 WL 3949099 at **\*11-13** (Pa. June 15, 2015) (declaring mandatory minimum statute at 18 Pa.C.S.A. § 6317 (drug-free school zones) unconstitutional in its entirety under ***Alleyne***, where that

statute stated its provisions were not elements of crime and applicability of statute should be determined at sentencing by preponderance of evidence).

The **Alleyne** Court, however, carved out a narrow exception where a defendant's prior conviction is the "fact" triggering application of a mandatory minimum sentence. **Alleyne, supra** at ___ n.1, 133 S.Ct. at 2160 n.1, 186 L.Ed.2d at ___ n.1. **See also Commonwealth v. Reid**, ___ A.3d ___, 2015 PA Super 135 (filed June 9, 2015) (explaining **Alleyne** did not overturn prior precedent that prior convictions are sentencing factors and not elements of offenses; Section 9714 enumerates mandatory minimum sentences based on prior convictions, and is constitutional under **Alleyne**; court's imposition of mandatory minimum sentence under Section 9714 was lawful); **Commonwealth v. Miller**, 102 A.3d 988, 995 n.5 (Pa.Super. 2014) (explaining fact of prior conviction does not need to be submitted to fact-finder and found beyond reasonable doubt; **Alleyne** allows mandatory minimum sentence based on fact of prior conviction).

Instantly, the court imposed ten-year mandatory minimum sentences for Appellant's robbery, IDSI, and aggravated indecent assault convictions, pursuant to 42 Pa.C.S.A. § 9714. The record shows Appellant had a prior conviction for first-degree robbery in June 2004. Based on Appellant's prior conviction for a crime of violence, the imposition of the mandatory minimum sentence under 42 Pa.C.S.A. § 9714 was lawful. **See Alleyne, supra**; **Reid, supra**; **Miller, supra**. **See also** 42 Pa.C.S.A. § 9714(g) (defining

first-degree robbery as "crime of violence" for purposes of statute).[3]

Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

_____

[3] Appellant purports to present an **Edmunds** analysis under Article 1, § 9 of the Pennsylvania Constitution, challenging the validity of the "prior conviction" exception to **Alleyne**. **See Commonwealth v. Edmunds**, 526 Pa. 372, 586 A.2d 887 (1991) (stating that when presenting claim that provision of Pennsylvania Constitution affords greater protection than federal counterpart, defendant must brief and analyze (1) text of Pennsylvania constitutional provision; (2) history of provision, including Pennsylvania case law; (3) related case law from other states; and (4) policy considerations). Appellant's challenge is unreviewable because he cites no pertinent case law from Pennsylvania or other jurisdictions to support his contention that the Pennsylvania Constitution would deem the fact of a prior conviction to come within the sweep of **Alleyne**. Appellant cites irrelevant language from **Commonwealth v. Mobley**, 14 A.3d 887 (Pa.Super. 2011), a pre-**Alleyne** decision in which this Court noted that the application of a mandatory minimum based on a DUI breath test refusal would not implicate **Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) (holding facts that increase penalty for crime beyond prescribed statutory maximum must be submitted to factfinder and proven beyond reasonable doubt). Appellant also undercuts his own argument with citations to **Newman** and **Valentine**, both of which recognized the continued viability of the prior conviction exception in the wake of **Alleyne**. **See Valentine, supra**; **Newman, supra**. Moreover, in **Commonwealth v. Aponte**, 579 Pa. 246, 855 A.2d 800 (2004), *cert. denied*, 543 U.S. 1063, 125 S.Ct. 886, 160 L.Ed.2d 792 (2005), our Supreme Court rejected a challenge under the Pennsylvania Constitution to the **Apprendi** prior conviction exception. The Court stated: "Where…the judicial finding is the fact of a prior conviction, submission to a jury is unnecessary, since the prior conviction is an objective fact that initially was cloaked in all the constitutional safeguards, and is now a matter of public record." **Id.** at 264, 855 A.2d at 811. Appellant fails to explain why the **Aponte** Court's reasoning is any less applicable in the context of mandatory minimum sentences triggered by prior convictions. **See also Commonwealth v. Turner**, 622 Pa. 318, 334, 80 A.3d 754, 763 (2013), *cert. denied*, 134 S.Ct. 1771, 188 L.Ed.2d 602 (2014) (stating due process clauses of United States and Pennsylvania Constitutions are largely coextensive).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/29/2015

# IN THE COURT OF COMMON PLEAS OF DELAWARE COUNTY, PENNSYLVANIA CRIMINAL DIVISION

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | NO. 3963-12 |
| V. | |
| JAMIL MCDONALD | |

## OPINION

**Mallon, J.**                                                              Filed: *2-18-15*

Jamil McDonald, appeals to the Superior Court his Judgment of Sentence. The nature and history of the case are as follows:

### I. Nature and History of the Case

On September 13, 2013, following a non-jury trial, this court found Appellant guilty of terroristic threats, two counts of involuntary deviate sexual intercourse, aggravated indecent assault, two counts of indecent assault, four counts of robbery, possession of a firearm – prohibited person not to possess. The court deferred sentencing until after an assessment by the Pennsylvania Sexual Offender Assessment Board (hereinafter "SOAB") was conducted, and on December 4, 2013, the board issued its report, recommending that the Appellant be classified as a sexually violent predator (hereinafter "SVP"). *See* Commonwealth Exhibit CS-2.

The facts admitted at trial established that the Appellant attacked a 19 year old woman in Upper Darby, Pennsylvania on January 17, 2012. The Appellant approached the victim from behind, covered her mouth, raised a gun in front of her face and told her to empty her pockets. N.T., 9/6/2013, pp. 24-27. The Appellant then sexually assaulted the woman and forced her to perform oral sex on him. *Id.* at 27-29. She begged him to stop and he choked her. *Id.* at 28, 50. Following the attack, the woman reported the incident to the Upper Darby Police Department. *Id.*

1

at 32-37. DNA evidence was obtained from a sweatshirt the woman had been wearing at the time of the attack, which was entered into a national database and was discovered to match the Appellant's DNA. *Id.* at 37, 130-32. A photo array was prepared, and the woman identified the Appellant as her attacker. *Id.* at 132.

Following the trial and before sentencing, this court held a hearing on March 6, 2014 to determine whether to classify the defendant as an SVP. The court took the matter under advisement, and later determined that the Appellant was an SVP. On April 4, 2014, the court sentenced the Appellant as follows: on count 9, involuntary deviate sexual intercourse, 120 months to 240 months of incarceration; on count 12, aggravated indecent assault, 120 months to 240 months of incarceration, consecutive to count 9; on count 16, robbery, 120 months to 240 months of incarceration, concurrent to counts 9 and 12; on count 20, persons prohibited from possessing a firearm, 16 months to 120 months consecutive to counts 9 and 12; on count 14, indecent assault, 16 months of probation consecutive to count 9, 12, 16 and 20; and finally, on count 6, terroristic threats, 22 months to 44 months of incarceration consecutive to counts 9, 12 and 20, as well as 16 months of consecutive probation.

On April 18, 2012, Appellant filed his notice of appeal. The court granted appellate counsel's request for an extension to file his Concise Statement of Matters Complained of on Appeal, and the court ultimately received the statement on December 4, 2014. The Appellant raises the following issues:

(1) Whether the trial court erred when it found defendant to be a sexually violent predator after the March 6, 2014 hearing because the Commonwealth failed to prove by clear and convincing evidence that Appellant acted due to a mental abnormality or personality disorder that made him likely to engage in predatory sexually violent offenses;

(2) Whether the mandatory minimum sentences imposed on robbery, involuntary deviate sexual intercourse and aggravated indecent assault are illegal and in violation of

2

federal and state constitutional rights;

(3) Whether the sentence was harsh and excessive under the circumstances.

## II.    Discussion

### A. SVP Determination

In his first issue on appeal, Appellant claims that the Commonwealth failed to prove by clear and convincing evidence that he was a sexually violent predator. In Pennsylvania, a sexually violent predator is required to register his name, address, telephone number, Social Security number, and other personal information prior to the expiration of his sentence. *See* 42 Pa.C.S.A. §9799.16(b). The Pennsylvania State Police are responsible for creating and maintaining the registry and corresponding public internet website. 42 Pa.C.S.A. §9799.16(a); 42 Pa.C.S.A. §9799.28. These requirements are part of what is currently referred to as the Sexual Offender Registration and Notification Act (hereinafter "SORNA").

SORNA defines a "sexually violent predator" as (1) a person who has been convicted of a specified sexual offense, and (2) who has been determined to be a sexually violent predator due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses. *See* 42 Pa.C.S.A. §9799.12. The specific sexual offenses under the act are set forth in 42 Pa.C.S.A. §9799.14.

Correctly stated by the Appellant, the burden of proof in a determination of whether an individual is a sexually violent predator is clear and convincing evidence. 42 Pa.C.S.A § 9799.24(e) (3). In reviewing the sufficiency of the evidence regarding an SVP determination, an appellate court will reverse the trial court's determination "only if the Commonwealth has not presented clear and convincing evidence sufficient to enable the trial court to determine that each element required by the statute has been satisfied." *Commonwealth v. Moody*, 843 A.2d 402, 408

3

(Pa. Super. 2004) (internal citation omitted). A challenge to the sufficiency of the evidence to support an SVP determination requires the reviewing court to accept the undiminished record of the case in the light most favorable to the Commonwealth. *Commonwealth v. Meals*, 590 Pa. 110, 119, 912 A.2d 213, 218 (2006).

"After conviction but before sentencing, a court shall order an individual convicted of a sexually violent offense to be assessed by the [SOAB]" 42 Pa.C.S.A. §9799.24(a). Section 9799.24(b) provides:

**(b) Assessment.**—Upon receipt from the court of an order for an assessment, a member of the board ... shall conduct an assessment of the individual to determine if the individual should be classified as a sexually violent predator. The board shall establish standards for evaluations and for evaluators conducting the assessments. An assessment shall include, but not limited to, an examination of the following:

(1) Facts of the current offense, including:

(i) Whether the offense involved multiple victims.

(ii) Whether the individual exceeded the means necessary to achieve the offense.

(iii) The nature of the sexual contact with the victim.

(iv) Relationship of the individual to the victim.

(v) Age of the victim.

(vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.

(vii) The mental capacity of the victim.

(2) Prior offense history, including:

(i) The individual's prior criminal record.

(ii) Whether the individual completed any prior sentences.

(iii) Whether the individual participated in available programs for sexual offenders.
(3) Characteristics of the individual, including:

4

(i) Age.

(ii) Use of illegal drugs.

(iii) Any mental illness, mental disability or mental abnormality.

(iv) Behavioral characteristics that contribute to the individual's conduct.

(4) Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of re-offense.

42 Pa.C.S.A. §9799.24(b). There is no statutory requirement that all or any number of these factors must be present in order to support an SVP determination. *Commonwealth v. Prendes*, 97 A.3d 337, 358 (Pa. Super. 2014) (citing *Commonwealth v. Brooks*, 7 A.3d 852 (Pa. Super. 2010))

Initially, the court finds that the Appellant was convicted of indecent assault,[1] aggravated indecent assault,[2] and involuntary deviate sexual intercourse,[3] all of which are designated by statute as sexually violent offenses. *See* 42 Pa.C.S.A. § 9799.14.

Following the Appellant's conviction, this court ordered an SOAB assessment as described above. Doctor Thomas F. Haworth performed this assessment, prepared a written SOAB report, and testified at a hearing in front of this court on March 6, 2014. Dr. Haworth, a psychologist, member of the SOAB, and expert in the field of sexual disorders and sexual deviance, reviewed the affidavit of probable cause, criminal complaint, the notes of testimony from the preliminary hearing, and psychological evaluations dated February 8, 2001 and April 13, 2010 before issuing his SOAB report. N.T., 3/6/2014, pp. 16-19.[4]

---

[1] Indecent assault is listed as a tier I sexual offense in 42 Pa.C.S.A. § 9799.14(b) (6).

[2] Aggravated indecent assault is listed as a tier III sexual offense in 42 Pa.C.S.A. § 9799.14(d) (7).

[3] Involuntary deviate sexual intercourse assault is listed as a tier III sexual offense in 42 Pa.C.S.A. § 9799.14(d) (4).

[4] The Appellant refused to meet with Dr. Haworth. The absence of a personal interview of the offender by a member of the Pennsylvania Sexual Offender Assessment Board (hereinafter "SOAB") does not preclude the ability to evaluate the offender's behavior through his or her

5

Through the testimony of Dr. Haworth, the Commonwealth established that, excluding the charges in the case *sub judice*, the Appellant had eleven (11) juvenile arrests and six (6) adult arrests, which resulted in six (6) juvenile adjudications and five (5) adult convictions. Based upon the Appellant's criminal history, he has been engaged in criminal behavior since the age of fourteen (14). *Id.* at 20. Dr. Haworth testified that the Appellant's "criminal history begins with an adjudication of delinquency around 14 or 15 years of age and continues with a pattern of sustained criminality across his lifespan into his adult years kind of crescendoing into the instant offense." *Id.* at 20.[5] Dr. Haworth testified that he reviewed the facts of the current offense, and remarked that the Appellant committed the offense within two years of being placed on parole and probation for a prior offense. *Id.* at 28.[6] He remarked that in the instant case the Appellant had used a gun to rape a stranger, a violent offense. *Id.* at 28-29. Dr. Haworth testified to a reasonable degree of psychological certainty that the Appellant suffers from a personality disorder. Specifically, Dr. Haworth concluded that the Appellant has anti-social personality disorder. *Id.* at 21. He described the disorder as "a pervasive pattern of functioning and of inner experience and behavior that is markedly deviate from the expectations of the individual's culture. And specifically it is marked by callous indifference [to other persons], rule breaking, aggression and these sort of characteristics." *Id.* at 21-22. He explained that an individual with anti-social personality disorder has no regard for other persons and does not balance his own needs against the needs of others. *Id.* at 22. He noted that such behavior is pervasive, and usually

---

available history and the criteria set forth for defining a SVP. *Commonwealth v. Prendes*, 97 A.3d 337 (Pa. Super. 2014).

[5] Appellant's Pre-Sentence Investigation set forth a detailed recitation of his prior crimes that include crimes of violence and crimes with firearms.

[6] On April 5, 2005, the Appellant pleaded guilty to robbery and was sentenced to 78 to 180 months incarceration followed by 5 years of consecutive probation. As a result of the plea all the

begins in childhood or adolescence. *Id.* at 22. Generally speaking, he explained that the disorder continues throughout the individual's entire life. *Id.* at 22, 29.

Dr. Haworth further concluded that the Appellant fits within the definition of a sexually violent predator. According to Dr. Haworth, the fact that the Appellant's criminal behavior was directed at a stranger creates a higher risk of recidivism if he were to be released from prison. He explained that the Appellant directed his aggression "toward a stranger, a person he didn't have a preexisting relationship with, obtained that stranger to an isolated place . . . and committed those acts." *Id.* at 29. Additionally, the court found several other factors to be present, most notably, the court found that the Appellant displayed unusual cruelty during the commission of the offense. *See* 42 Pa.C.S.A. §9799.24(b) (1) (vi). The Appellant attacked a young woman of 19 years of age while she was walking home from a friend's home. The attack occurred in an alleyway. He held a gun to her head and threatened to kill her. He also fired a warning shot. The Appellant used profanity and told the woman that he would shoot her if she did not comply with his sexual directives. N.T., 9/6/2013, pp. 22-81.

This court submits that the testimony of the victim is the best statement of the depravity of the Appellant's crime. *Id.* As will be seen from said testimony the Appellant "exceeded the means necessary to achieve the offense", the "offense included a display of unusual cruelty by the individual [the Appellant] during the commission of the crime." (*See* in particular N.T., 9/6/2013, p. 29). Furthermore, the Appellant's "prior criminal record" is atrocious, and the Appellant had yet to complete his prior sentence for a different violent crime, robbery, at the time of the instant offense. *See* 42 Pa.C.S.A. §9799.24(b).

---

associated charges were *nolle prossed,* including persons not to possess a firearm and recklessly endangering another person.

7

Based on the foregoing, this court found the Appellant to be an SVP. The court respectfully submits that the Commonwealth established that the Appellant is an SVP by clear and convincing evidence.

## B. Mandatory Minimum

In his next issue on appeal, the Appellant claims that the mandatory minimum sentences imposed on robbery, involuntary deviate sexual intercourse and aggravated indecent assault are illegal and in violation of his federal and state constitutional rights.

In the case *sub judice*, the Appellant was sentenced to the applicable mandatory minimum sentence of ten years on his convictions for involuntary deviate sexual intercourse, aggravated indecent assault, and robbery.[7] The Appellant was subject to a mandatory minimum sentence found in 42 Pa.C.S.A. §9714(a)[8] (relating to second or subsequent offenses) based upon the fact that he had a prior conviction for robbery in which he brandished a firearm and shot a pizza shop employee. *See* N.T., 4/4/2014, p. 11. The Commonwealth provided the Appellant with notice of its intent to invoke this sentence on November 7, 2013.

The court submits that the Appellant's constitutional rights were not infringed upon by the imposition of this sentence. Moreover, the court submits that it had no authority to impose a different sentence in this case. See 42 Pa.C.S.A. §9714(e) ("[t]here shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than

---

[7] The court sentenced the Appellant to 120 to 240 months of incarceration on his involuntary deviate sexual intercourse conviction. The court sentenced Appellant to 120 to 240 months of incarceration on his aggravated indecent assault conviction, and imposed this to run consecutive to his sentence for involuntary deviate sexual intercourse. Lastly, the court sentenced Appellant to 120 to 240 months of incarceration on his robbery conviction, and ordered this sentence to run concurrently with the sentences imposed for involuntary deviate sexual intercourse and aggravated indecent assault.

[8] Under 42 Pa.C.S.A. §9714, a person previously convicted of a crime of violence must be sentenced to a minimum term of 10 years.

8

provided for in subsection (a)").

In support of this argument, the Appellant cited *Alleyne v. United States*, — U.S. —, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), and claimed that he was entitled to have a jury determine any fact that would trigger a mandatory minimum sentence. *See* Defendant's Memorandum for Post-Sentence Motions. The Appellant is mistaken in this assertion. While it is clear that *Alleyne* held that a fact that increases the mandatory minimum sentence is an element that must be submitted to a jury, *prior convictions* are not elements that need to be submitted to a fact-finder. *See e.g., Commonwealth v. Aponte*, 579 Pa. 246, 855 A.2d 800 (2004), *Commonwealth v. Harris*, 888 A.2d 862 (Pa. Super. 2005) (a jury inquiry is not mandated when considering prior convictions), *Commonwealth v. Lane*, 941 A.2d 34 (Pa. Super. 2008), *Commonwealth v. Watley*, 81 A.3d 108 (Pa. Super. 2013) *(en banc).*[9] The court respectfully submits that the imposition of the mandatory minimum in this case was proper.

## C. Excessive Sentence

In his final issue on appeal, Appellant claims that harsh and excessive under the circumstances.

> Our Court has stated that the proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will,

---

[9] "According to the *Alleyne* Court, a fact that increases the sentencing floor is an element of the crime. Thus, it ruled that facts that mandatorily increase the range of penalties for a defendant must be submitted to a fact-finder and proven beyond a reasonable doubt. The Alleyne decision therefore, renders those Pennsylvania mandatory minimum sentencing schemes *that do not pertain to prior convictions* constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard." *Watley*, 81 A.3d at 117 (footnote omitted) (emphasis added).

or such lack of support so as to be clearly erroneous.

> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court.

*Commonwealth v. Harvard*, 64 A.3d 690, 701 (Pa. Super. 2013) (internal citation omitted).

The court submits that the Appellant's sentence was not excessive. In the case *sub judice*, before imposing the Appellant's sentence, this court considered the nature and seriousness of the crime; the age, family status, education and employment status of the Appellant; the statements of the Commonwealth and defense counsel; the Appellant's sentencing guidelines; the rehabilitative needs of the Appellant; and the protection of the public. This court considered what the Appellant's wife and the Appellant's mother said at sentencing. *See* N.T., 4/4/14, pp. 22-27. The Appellant said nothing at sentencing having waived his right to do so.

This court gave this case a great deal of thought prior to imposing it sentence, and based upon all of the evidence presented, it determined that an aggregate sentence of 322 months to 644 months of incarceration was appropriate. At trial, the victim testified that the Appellant held a gun to her head, forced her to perform oral sex on him, he ejaculated, and told her "to swallow it or he would kill me." N.T., 9/6/2013, p. 29. After he sexually assaulted the victim, he told her that "if [she] said anything, he would come to the high school and kill every little girl that looked like me." *Id.* at 31. Moreover, the Appellant was only out of jail for a short time following a sentence for a prior robbery conviction when this crime occurred. *See* N.T., 4/4/2014, p. 11. In this court's opinion, the Appellant's crime was especially heinous and it felt that the sentence

was appropriate under the individual circumstances of the case. In this court's opinion, the Appellant is a grave danger to the community whenever he is not incarcerated. He has committed serious crimes and offenses starting at age 14. Sadly, despite society's punishments and efforts at rehabilitation, he continues to offend and offend in a big way. This court respectfully submits that the Appellant's excessive sentencing claim be denied.

### III. Conclusion

In light of the aforementioned, this court respectfully requests that Appellant's appeal be denied and his judgment of sentence affirmed.

BY THE COURT:



_____
GREGORY M. MALLON, JUDGE

2015 FEB 18 PM 4:08
OFFICE OF
JUDICIAL SUPPORT
DELAWARE CO. PA
FILED

11