J-S50045-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL LANE, | : | |
| | : | |
| Appellant | : | No. 1051 EDA 2019 |

Appeal from the Order Entered March 20, 2019
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0003487-2002

BEFORE:   BENDER, P.J.E., SHOGAN, J. and STRASSBURGER, J.*

MEMORANDUM BY SHOGAN, J.:                **FILED:  MAY 21, 2021**

Appellant, Michael Lane, appeals *pro se* from the order entered on March 20, 2019, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

We begin with the following factual and procedural history, which has been summarized aptly by prior panels of this Court and the PCRA court.

> On August 14, 2003, following a three-day jury trial, [Appellant] was convicted of Robbery (3 counts), Aggravated Assault (2 counts), and Possessing Instruments of Crime.[1]  The underlying facts involved [Appellant's] entry into the Park-Mart, a small gas station and convenience store, where he demanded that the victim, Bhavna Parikh, give him money from various registers.  During the course of the robbery, he stabbed the victim in her hands, severing several tendons, and then departed with a bag of money and additional money which he had stuffed in his left front pants pocket.

---

[1] 18 Pa.C.S. §§ 3701(a)(1)(i), (a)(1)(ii), (a)(1)(iii); 2702(a)(1), (a)(4); and 907, respectively.

*Retired Senior Judge assigned to the Superior Court.

A sentencing hearing was held on December 16, 2003. Prior to that hearing, the Commonwealth filed a "Notice of Commonwealth's Intention to Proceed With Mandatory Sentencing Pursuant to 42 Pa.C.S. § 9714[ ("Three Strikes")]."[2] The testimony at the sentencing hearing provided evidence of [Appellant's] extensive and violent history, and the prerequisites to a finding that Three Strikes applied to him. Specifically, [Appellant] was involved in a homicide in Philadelphia. The incident apparently involved two rival gangs, including one with which [Appellant] was affiliated. He and other gang members fired shots at the rival gang, but instead, an innocent bystander, David Autry, who was fourteen (14) years old, was struck and killed. Another bystander was hit by a bullet, but recovered from his injuries. [Appellant] entered a guilty plea to the murder in June of 1972[, when he was fifteen years old].

On February 22, 1978, [Appellant, then twenty-one years old,] was again involved in another homicide. This murder apparently resulted from an altercation between [Appellant] and the victim, Donald Childs, who was twenty-seven (27) years old.

_____

[2] Section 9714 is known as the "three strikes law," and it "sets forth the mandatory minimum sentences to be imposed upon certain repeat offenders[.]" ***Commonwealth v. Shiffler***, 879 A.2d 185, 190 (Pa. 2005). At the time Appellant was sentenced, the statute provided, in pertinent part, as follows:

Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.

42 Pa.C.S. § 9714(a)(2) (effective February 20, 2001, to September 5, 2011).

[Appellant] chased Mr. Childs out of a recreation center with a handgun and fired several times at the victim, ultimately causing his death. After a trial on August 25, 1978, [Appellant] was found guilty of third-degree murder and was sentenced to ten (10) to twenty (20) years [of] incarceration.

[Appellant] was involved in additional violent behavior throughout his life. In 1977, [Appellant] was involved in another shooting incident. Again, the shooting was gang-related. While [Appellant] claims that he was injured during the exchange, he was ultimately convicted of shooting and paralyzing an individual. [Appellant] admitted to this conviction during his statement at the sentencing hearing. Additionally, while in prison, [Appellant] was convicted on two occasions of possessing an instrument of crime; one of the incidents apparently involved stabbing a prison guard. While these convictions were not crimes of violence under the Three Strikes analysis, they were relevant to the conclusion that life imprisonment was both a lawful and proper sentence.

Following the testimony at the sentencing hearing, [Appellant] was sentenced to life without parole. Prior to doing so, the [sentencing c]ourt noted its review of the presentence report, as well as the mandatory and discretionary portions of the Three Strikes law (42 Pa.C.S. § 9714). Additionally, the [c]ourt found the nature and circumstances of the offense to be "particularly egregious on a number of different levels." The victim of the robbery had been permanently injured by [Appellant's] actions, which were particularly malevolent in light of the victim's compliance with [A]ppellant's demands.

Ultimately, the sentencing court found that [Appellant], at the time of the robbery, had been convicted of two or more crimes of violence. His convictions for robbery and aggravated assault constituted a "third or subsequent crime[s] of violence," and "that 25 years of total confinement [was] insufficient to protect the public safety . . . ." The sentencing court remarked that not only would [A]ppellant reoffend if released from prison, but that "[t]he public truly can never be fully protected from [Appellant]."

PCRA Court Opinion, 11/18/19, at 2–3 (footnotes omitted).

Appellant timely filed post-sentence motions on December 26, 2003. Appellant subsequently filed amended post-sentence motions and, following a hearing, the court denied relief on May 14, 2004.

Appellant timely filed a notice of appeal on June 11, 2004. On June 14, 2004, the court ordered Appellant to file a concise statement of errors complained of pursuant to Pa.R.A.P. 1925(b) no later than fourteen days after the court's order. Appellant filed his concise statement on July 9, 2004. In the court's opinion, it addressed the merits of the Rule 1925(b) issues despite the untimely filing of the statement. This Court affirmed Appellant's judgment of sentence on July 12, 2006. In its decision, the three-judge panel addressed the merits of some of Appellant's direct appeal issues but deemed others waived due to the untimeliness of his Rule 1925(b) statement.

Appellant sought *en banc* reargument. On September 22, 2006, this Court issued a *per curiam* order which (1) granted *en banc* reargument; (2) withdrew the July 12, 2006 panel decision; (3) and required the parties to brief the issue of whether Appellant waived all appellate issues for failure to file a timely Rule 1925(b) statement. This Court issued another *per curiam* order on December 24, 2006, stating Appellant's failure to file a timely Rule 1925(b) statement waived for appeal purposes all issues raised in that statement. Nevertheless, this Court would consider *en banc* the legality of Appellant's sentence.[5]

> [5] In his *en banc* appeal, Appellant argued that a jury, rather than the sentencing court, should have determined whether to sentence Appellant to life imprisonment without the possibility of parole under [42 Pa.C.S. §] 9714. This Court held that the protections of the Sixth and Fourteenth Amendments of the United States Constitution do not extend to the fact of prior convictions. Because it was solely the existence of two prior convictions that made Appellant eligible for sentencing within a range of increased penalties, the court properly imposed the judgment of sentence. . . .

On January 4, 2008, this Court *en banc* affirmed Appellant's judgment of sentence; and the Pennsylvania

Supreme Court denied Appellant's petition for allowance of appeal on September 19, 2008. *Commonwealth v. Lane*, 941 A.2d 34 (Pa. Super. 2008) (*en banc*), *appeal denied*, 599 Pa. 689, 960 A.2d 837 (2008).

On March 3, 2009, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel, who filed an amended PCRA petition on July 29, 2010. The court held an evidentiary hearing on January 9, 2012. On August 31, 2012, the court denied PCRA relief. Appellant timely filed a notice of appeal on September 19, 2012.

*Commonwealth v. Lane*, 81 A.3d 974, 976–977 (Pa. Super. 2013) (some footnotes omitted).

On appeal from the denial of PCRA relief, Appellant raised two claims of trial counsel's ineffectiveness and one claim of ineffective assistance of appellate counsel. This Court held that appellate "[c]ounsel's failure to comply with . . . [Pa.R.A.P. 1925] ultimately led to the waiver on direct appeal of the issues raised in the statement and is the functional equivalent of no statement at all. Thus, Appellant was constructively denied assistance of counsel, constituting *per se* ineffectiveness." *Lane*, 81 A.3d at 980–981 (citations omitted). As a result, we reversed the PCRA court's order denying PCRA relief and remanded for the reinstatement of Appellant's direct appeal rights *nunc pro tunc*, instructing counsel to file a Pa.R.A.P. 1925(b) statement within twenty-one days after remand. Before the record was remanded and a new notice of appeal filed, counsel prematurely filed a Rule 1925(b) statement on December 31, 2013. The Commonwealth filed a petition for allowance of appeal, which was denied by our Supreme Court.

- 5 -

*Commonwealth v. Lane*, 92 A.3d 811, 32 MAL 2014 (Pa. filed May 15, 2014). Thereafter, on June 11, 2014, counsel filed a second Rule 1925(b) statement. On June 17, 2014, the trial court filed a Pa.R.A.P. 1925(a) opinion.

This Court remanded the record on June 26, 2014, because a new notice of appeal was not filed. On August 12, 2015, the trial court ordered Appellant to file a notice of appeal *nunc pro tunc* by August 19, 2015. Appellant filed his notice of appeal *nunc pro tunc* on August 13, 2015. The trial court ordered Appellant to file a Rule 1925(b) statement, which Appellant filed on August 25, 2015. On August 27, 2015, the trial court filed a supplemental Rule 1925(a) opinion. In that *nunc pro tunc* direct appeal, Appellant challenged: (1) 42 Pa.C.S. § 9714 in light of *Alleyne v. United States*, 570 U.S. 99 (2013); (2) his exclusion from the courtroom during trial; and (3) introduction of evidence of his religion at trial. *Commonwealth v. Lane*, 159 A.3d 602, 2494 EDA 2015 (Pa. Super. filed November 30, 2016) (unpublished memorandum at *1–2). Upon review, this Court affirmed Appellant's judgment of sentence. *Id.* Regarding Appellant's *Alleyne* claim, we adopted the reasoning of the trial court that the holding in *Alleyne* did not apply to a fact of prior convictions. Appellant filed a petition for allowance of appeal, which our Supreme Court denied. *Commonwealth v. Lane*, 179 A.3d 1077, 1 MAL 2017 (Pa. filed January 23, 2018).

The PCRA court herein recounted the subsequent procedural history as follows:

On March 9, 2018, [Appellant timely] filed a *pro se* "Motion for Post Conviction Collateral Relief." [Appellant] alleged that appellate counsel was ineffective for failing to pursue claims regarding the legality of his sentence. PCRA counsel was appointed to represent [Appellant], and on July 18, 2018, counsel filed an "Amended PCRA Petition." It was alleged in that petition, relying upon ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), and ***Alleyne***…, that [Appellant's] sentence was unlawful under both the Pennsylvania and United States [C]onstitutions. It was also alleged that appellate counsel was ineffective for failing to pursue the legality of [Appellant's] sentence of life without parole under the Three Strikes law.

On October 29, 2018, a hearing was held on the "Amended PCRA Petition."[15] [No witnesses were called at the hearing. Instead, the PCRA court entertained argument from the parties.] Following the completion of the hearing, both counsel were provided time to submit memoranda of law. Counsel for [Appellant] filed his Memorandum of Law on December 28, 2018, and counsel for the Commonwealth filed [its] "letter brief" on January 28, 2019. On March 20, 2019, th[e PCRA c]ourt entered an Order and Opinion denying PCRA relief.

[15] On December 18, 2018, [Appellant] filed a *pro se* "Amended Petition Requesting Relief Under the Post Conviction Relief Act."[3] The petition is divided into

---

[3] At the conclusion of the PCRA hearing, the PCRA court granted Appellant and the Commonwealth the opportunity to brief their positions. Because Appellant had complained that counsel had not raised all of the claims Appellant wished to raise, the PCRA court also granted Appellant sixty days to file a *pro se* memorandum of law in order to raise any claims Appellant wished to present to the PCRA court. N.T., 10/29/18, at 14. In response, Appellant filed the instant amended petition on December 18, 2018. Generally, a PCRA court is not required to consider *pro se* filings from represented petitioners. ***See Commonwealth v. Blakeney***, 108 A.3d 739, 763 n.21 (Pa. 2014) (citations and quotation marks omitted).

*(Footnote Continued Next Page)*

This Court has made clear that a criminal defendant represented by counsel is not entitled to hybrid representation—*i.e.,* he cannot litigate certain issues *pro se* while counsel forwards other claims. This is especially true on collateral review, and courts considering PCRA petitions will not be required to struggle through the *pro se* filings of defendants when qualified counsel represent those defendants.

*Id.* However, because counsel incorporated by reference Appellant's December 18, 2018 *pro se* filing in counsel's subsequent memorandum of law, *see* Memorandum of Law, 12/28/18, at 1 n.1, any potential hybrid-representation situation was avoided.

Nonetheless, while counsel was permitted to file a memorandum of law, he did not seek leave to raise new claims, and therefore, any new claim normally would be deemed waived. ***Commonwealth v. Baumhammers***, 92 A.3d 708, 730 (Pa. 2014), where our Supreme Court stated:

Our criminal procedural rules reflect that the PCRA judge may grant leave to amend ... a petition for post-conviction collateral relief at any time, and that amendment shall be freely allowed to achieve substantial justice. Nevertheless, it is clear from [the text of Pennsylvania Rule of Criminal Procedure 905] that leave to amend must be sought and obtained, and hence, amendments are not self-authorizing.

***Id.***

However, we conclude that the PCRA court implicitly permitted Appellant to amend his petition by considering the issues contained in counsel's memorandum of law prior to dismissing Appellant's PCRA petition. ***See Commonwealth v. Mojica***, 242 A.3d 949, 954–955 (Pa. Super. 2020) (citing ***Commonwealth v. Boyd***, 835 A.2d 812, 816 (Pa. Super. 2003) ("[W]here a PCRA court denied a petition to amend, but later accepted and considered the amended petition on its merits, the PCRA court 'effectively allowed [the a]ppellant to amend his petition to include those issues presented in the supplement' pursuant to [Pa.R.Crim.P.] 905(a)."), *appeal denied*, ___ A.3d ___, 493 EAL 2020 (Pa. filed April 13, 2021).

Based on the foregoing, the claims raised in Appellant's *pro se* amended petition were incorporated by reference into counsel's memorandum of law, which was implicitly accepted by the PCRA court. Thus, they were preserved for purposes of appeal.

two sections: (1) the jury rather than the sentencing court should have decided if his third strike . . . robbery/aggravated assault was a crime of violence; and (2) [Appellant's] first murder was committed in 1972 when he was fifteen (15) years old, and under ***Miller v. Alabama***, 567 U.S. 560 (2012), the sentencing court should not consider it as a crime of violence under the Three Strikes law.

[Appellant] filed [the instant] *pro se* Notice of Appeal on April 8, 2019. On April 22, 2019, [Appellant] was ordered to file a Concise Statement pursuant to Pa.R.A.P. 1925(b). Thereafter, [Appellant] requested a ***Grazier***[16] hearing, and on May 23, 2019, the Superior Court directed [the PCRA court] to do so.

> [16] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

A ***Grazier*** hearing was held on July 11, 2019. [Appellant], at his request, attended the hearing by video conference from the state prison. Also present at the hearing was [A]ppellant's appointed counsel, Al Stirba. However, [Appellant] had become disenchanted with Attorney Stirba, and at the ***Grazier*** hearing, he had requested the appointment of new counsel to pursue his appeal. Th[e PCRA c]ourt gave [Appellant] the option of three (3) conflict attorneys, and he selected Attorney Matthew Rapa. On August 28, 2019, Attorney Rapa was appointed to represent [Appellant], and [he was] directed to file a 1925(b) statement. On October 29, 2019, Attorney Rapa filed a "Statement of Intent to File Anders/McClendon Brief" pursuant to Pa.R.A.P. 1925(c)(4). [Appellant] also requested another ***Grazier*** hearing "in order to proceed *pro se*[.]"

PCRA Court Opinion, 11/18/19, at 4–5 (ellipses and some footnotes omitted). A second ***Grazier*** hearing was held on December 3, 2019. The PCRA court granted Appellant's request to proceed *pro se* on the instant appeal.

On February 18, 2020, this Court directed Appellant to file a supplemental Pa.R.A.P. 1925(b) statement. Appellant complied and mailed

his supplemental statement on March 10, 2020. We also directed the PCRA court to file a supplemental Rule 1925(a) opinion, which it filed on March 20, 2020.

On appeal, Appellant presents the following five *verbatim* issues for our review:

> WAS THE COUNSEL OF SENTENCING WHERE INEFFECTIVE UNDER THE SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATE CONSTITUTION AND THE PENNSYLVANIA CONSTITUTION FOR FAILING TO INVESTIGATING EVIDENCE DURING SENTENCING FOR EXPERTISE TESTIFY, TO HIS STATE OF MIND AT 15 YEARS OLD INSTABILITY ETC., (PSYCHOLOGIST)?

> DO THE UNITED STATE SUPREME COURT ULTIMATELY HELD THAT SINCE THE FINDING OF AN AGGRAVATING FACTOR WAS ONE THAT EXPOSED THE DEFENDANT TO GREATER PUNISHMENT THAT AUTHORIZED BY THE JURY GUILTY VERDICT THE ARIZONA STATUTE WAS DEEMED UNCONSTITUTIONAL BECAUSE IT VIOLATED THE SIXTH AMENDMENT?

> IS THE OUR PENNSYLVANIA SUPREME COURT'S DECISION IN, SEE: **COMMONWEALTH V. SAMUEL**, REQUIRING THE SENTENCING COURT AND NOT "NOT" THE JURY, TO DETERMINE WHETHER THE CRIME IN QUESTION (THE OFFENSE OF OFFENCE(S) A DEFENDANT IS CURRENTLY ON TRIAL FOR) WAS COMMITTED WITH VIOLENCE BY A PREPONDERANCE OF EVIDENCE TO ESTABLISH THE FIRST ELEMENT UNDER, SEE: (§42 PA. C.S.A. 9714 (A) (1)) IS NOW "ILLEGAL" IN LIGHT OF, **ALLEYNE**?

> ALIBI INSTRUCTION IN AS MUCH TO CAUSE A WANTON ACT OF "PREJUDICE" PARTICULARLY WHERE AN "ALIBI INSTRUCTION: CONSTITUTIONALLY DENIED THE JURY FROM A FULL AND ADEQUATE REPRESENTATION OF DENIED EVIDENCE BEFORE CONCLUDING?

> WAS THE UNLAWFUL USED AND PRESENTED APPELLANT'S D.O.C. INCARCERATION RECORD WAS ILLEGALLY USED

AGAINST APPELLANT AT THE SENTENCING (AD) JUDICATION HEARING?

Appellant's Brief at 4.

When reviewing the propriety of an order denying PCRA relief, this Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Preliminarily, we observe that the only claim Appellant raised in the Statement of Questions Involved that was presented to the PCRA court was a challenge to the legality of Appellant's sentence based upon ***Alleyne***.[4] On appeal, Appellant also purports to raise claims regarding the ineffective assistance of counsel for failing to present an expert witness at sentencing to testify to: Appellant's state of mind when he was fifteen years old; an alibi instruction; and the presentation of Appellant's prison records at his sentencing hearing. Appellant's Brief at 4. These claims were not presented

---

[4] Although Appellant also raised a ***Miller*** claim in his Pa.R.A.P. 1925(b) statement, he has abandoned this issue in his Statement of Questions Involved; no argument on this issue appears in Appellant's brief, as well. As such, this claim is waived. ***See*** Pa.R.A.P. 2119(a); ***see also Commonwealth v. Antidormi***, 84 A.3d 736, 754 (Pa. Super. 2014) ("As [the appellant] has cited no legal authorities nor developed any meaningful analysis, we find this issue waived for lack of development.").

to the PCRA court and therefore, waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Pa.R.Crim.P. 902(B) ("Each ground relied upon in support of the relief requested shall be stated in the petition. Failure to state such a ground in the petition shall preclude the defendant from raising that ground in any proceeding for post-conviction collateral relief."); *Baumhammers*, 92 A.3d at 731 (citation omitted) (holding that "since the present claim was not raised in [the] PCRA petition, and no request was made to amend the petition to include it, it is waived."). Moreover, "waiver cannot be avoided solely by reference to [the appellant's] Concise Statement of Matters Complained of on Appeal, as such a statement, which is provided after the notice of appeal has already been filed, cannot operate to add new substantive claims that were not included in the PCRA petition itself." *Id.*

We now review the sole preserved claim that Appellant alleges the PCRA court erred in dismissing. Specifically, Appellant asserts that his life sentence is illegal pursuant to *Alleyne*. He contends that whether the charged offense was committed with violence was an element that should have been submitted to the jury, not determined by the sentencing court, before the court could impose a sentence of life imprisonment under 42 Pa.C.S. § 9714. Appellant's Brief at 12–15.

In explaining its dismissal of this claim, the PCRA court concluded that "it would be pure sophistry to argue that [Appellant] did not commit a crime

of violence." PCRA Court Opinion, 3/20/19, at 8. We agree. The jury convicted Appellant, *inter alia*, of four of the crimes specifically enumerated in 42 Pa.C.S. § 9714(g) as crimes of violence: aggravated assault under 18 Pa.C.S. § 2702(a)(1), and robbery under 18 Pa.C.S. §§ 3701(a)(1)(i), (a)(1)(ii), and (a)(1)(iii). **See** 42 Pa.C.S. § 9714(g) (effective February 20, 2001, to September 5, 2011) ("As used in this section, the term "crime of violence" means . . . aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) [and] . . . robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery) . . . ."). Appellant's convictions unquestionably placed him within the purview of Section 9714, and the PCRA court did not err in concluding that Appellant's **Alleyne** claim lacked merit. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/21/21